852 P.2d 484

Kevin VICKERS, deceased, by and through his personal representative and surviving spouse, Lauren H. Vickers, individually; as Guardian Ad Litem of Coleman W. Vickers, Daryl F. Vickers, Myca B. Vickers, Lucas R. Vickers, and Kevin Wade Vickers, and as personal representative of the estate of Kevin Vickers, Claimants–Appellants,

v.

Bob Weightman, Employer, Defendant,

and

PYRAMID FRAMING CONTRACTORS, INC., Statutory Employer, and Idaho State Insurance Fund, Surety, Defendants–Respondents.

No. 20076.

Supreme Court of Idaho,
Boise, February 1993 Term.

April 29, 1993.

Thomas G. Maile IV, Eagle, for appellants.

Elam, Burke & Boyd, Boise, for respondents. James A. Ford argued.

JOHNSON, Justice.

This is a workers' compensation case. We hold that a statutory employer who carries workers' compensation insurance is not liable to an employee of an uninsured contractor for the additional ten percent of compensation, plus costs and attorney fees imposed on an employer who does not carry workers' compensation insurance.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

Pyramid Framing Contractors, Inc. contracted to have carpentry work done by Bob Weightman. Weightman employed Kevin Vickers. While Vickers was working at a Pyramid job site, he fell, sustaining head injuries that caused his death. Weightman did not carry workers' compensation insurance. As Vickers's statutory employer, Pyramid is liable to pay death benefits to Vickers's surviving spouse and children.

Asserting I.C. § 72–210, Vickers's spouse and children applied to the Industrial Commission for an order requiring Pyramid and its surety to pay an additional amount equal to ten percent of the compensation for Vickers's death, together with costs and attorney fees. The Commission dismissed the application on the grounds that the statute applies only to employers who fail to secure workers' compensation insurance and that Pyramid had insurance covering its liability as Vickers's statutory employer. Vickers's spouse and children appealed.

## II.

**AN INSURED STATUTORY EMPLOYER IS NOT LIABLE FOR A TEN PER-CENT PENALTY, PLUS COSTS AND ATTORNEY FEES UNDER I.C. § 72–210, WHEN THE STATUTORY EMPLOYER IS LIABLE FOR WORKERS' COMPENSATION BENEFITS BECAUSE A CONTRACTOR WAS NOT INSURED.**

Vickers's spouse and children assert that an insured statutory employer is liable for an additional ten percent of compensation, plus costs, and attorney fees under I.C. § 72–210, when the statutory employer is liable for workers' compensation benefits because a contractor was not insured. We disagree.

The statute provides:

**72–210. Employer's failure to insure liability.**—If an employer fails to secure payment of compensation as required by this act, an injured employee, or one contracting an occupational disease, or [the employee's] dependents or legal representative in case death results from the injury or disease, may claim compensation under this law and shall be awarded, in addition to compensation, an amount equal to ten per cent (10%) of the total amount of [the employee's] compensation together with costs, if any, and reasonable attorney's fees if [the employee] has retained counsel.

I.C. § 72–210.

A clear reading of this statute does not allow us to penalize Pyramid and its surety for the failure of Weightman to carry workers' compensation insurance. Pyramid carried insurance, and this insurance covers the liability to Vickers's spouse and children.

Counsel for Vickers's spouse and children invites us to rule that the additional amount, costs, and attorney fees prescribed in I.C. § 72–210 should be considered as part of the compensation for which the statutory employer is liable. This invitation is premised on the construction of I.C. § 41–1839 in *Emery v. United Pac. Ins. Co.*, 120 Idaho 244, 815 P.2d 442 (1991), citing *Halliday v. Farmers Ins. Exch.*, 89 Idaho 293, 301, 404 P.2d 634, 639 (1965) (The attorney fees authorized by I.C. § 41–1839 is not a penalty, but an additional sum rendered as just compensation.).

This premise is contrary to *Heese v. A & T Trucking*, 102 Idaho 598, 635 P.2d 962 (1981), where the Court stated that I.C. § 72–210 "specifically imposes *penalties* upon an employer who 'fails to secure payment of compensation as required by this act.'" *Id.* at 600, 635 P.2d at 964 (emphasis added). Therefore, we reject counsel's invitation.

## III.

### CONCLUSION.

We affirm the order of the Commission.

We award Pyramid and its surety costs, but not attorney fees, on appeal.

McDEVITT, C.J., BISTLINE and TROUT, JJ., and SCHILLING, J., Pro Tem, concur.