869 P.2d 1365

**FARM CREDIT BANK OF SPOKANE,** successor in merger, the Federal Land Bank of Spokane, a corporation, Plaintiff–Respondent,

v.

**Lynn E. STEVENSON, a single man, Defendant–Appellant,**

and

The United States of America, acting through the Internal Revenue Service; and Shannon and Jane Doe Wolf, his wife, if married; First Interstate of Idaho, N.A., a corporation; Zane Harrison, Gene Hatch, Eileen Wood, Willard Wilson, Jim Kram and Arden Drake, Defendants.

No. 20347.

Supreme Court of Idaho, Boise, November 1993 Term.

Feb. 24, 1994.

Hawley, Troxell, Ennis & Hawley, Boise, for appellant. Steve Hardesty argued.

Service, Gasser & Kerl, Pocatello, for respondent. Ron Kerl argued.

McDEVITT, Chief Justice.

## I

## BACKGROUND AND PROCEDURE

On June 11, 1981, the Federal Land Bank of Spokane (the "Bank") loaned appellant, Lynn E. Stevenson ("Stevenson"), $1,000,000 for the purchase of farm land. The loan was secured by a mortgage on the land. Installment payments on the loan were scheduled for the first day of each year, the first coming due January 1, 1982. Stevenson did not pay the first installment as scheduled, and made an interest payment on March 16, 1982. Stevenson made no additional payments until November of 1990.

On July 26, 1984, the Bank filed a complaint of foreclosure against Stevenson. The district court entered a judgment of $1,612,-398.02 against Stevenson. On February 18, 1988, Stevenson applied to restructure his loan, as provided by the Federal Agricultural Credit Act, 12 U.S.C. § 2202a (1987) ("ACA"). Stevenson's application was denied. Stevenson appealed the denial to the Credit Review Committee, which upheld the decision not to allow restructuring.

Stevenson filed a petition for Chapter 11 bankruptcy on February 14, 1990. Stevenson and the Bank agreed to settle their claims through a stipulation filed in the bankruptcy proceedings. Under the terms of the stipulation, the Bank was allowed a secured claim of $785,000, and the remainder of the Bank's claim was discharged. Under the stipulation, Stevenson was to make one $100,-000 payment on October 1, 1990, and an interest payment of $82,825.72 on December 1, 1990. Stevenson would pay the remaining $685,000 in 25 installments, due the first day of December each year. Stevenson paid the initial $100,000 payment 31 days after it was due, and the first installment 30 days after it came due.

On September 10, 1991, Stevenson's bankruptcy attorney telephoned the Bank's attorney and indicated that Stevenson wished to modify the stipulation because of cash flow problems. Based on several factors, including the conversation between the Bank's attorney and Stevenson's attorney, the loan's repayment history, and Stevenson's past financial information, the Bank determined that the loan was "distressed." [1] On Septem-

---

**1.** 12 U.S.C. § 2202a defines distressed loan:

(3) Distressed Loan
   The term "distressed loan" means a loan that the borrower does not have the financial capacity to pay according to its terms and that exhibits one or more of the following characteristics:
   (A) The borrower is demonstrating adverse financial and repayment trends.
   (B) The loan is delinquent or past due under the terms of the loan contract.

ber 16, 1991, the Bank issued Stevenson a notice of his right to apply to restructure, as required by the ACA. Stevenson did not apply to restructure the loan.

Between the time he received the notice and defaulted on the loan, Stevenson moved the bankruptcy court to modify his Chapter 11 reorganization plan. The bankruptcy court denied Stevenson's motion. *In re Stevenson*, 138 B.R. 964 (Bankr.D.Idaho 1992). Stevenson appealed the ruling to the federal district court, which affirmed the bankruptcy court's ruling. 148 B.R. 592 (D.Idaho 1992). Stevenson thereafter appealed the decision to the Ninth Circuit Court of Appeals, where the case is still pending.

The Bank filed a complaint to foreclose May 21, 1992. Stevenson filed a motion to dismiss the complaint, arguing that the pending bankruptcy action divested the district court of subject matter jurisdiction. The Bank then filed a motion for summary judgment under I.R.C.P. 56.

After hearing argument on October 2, 1992, the court ruled that it had jurisdiction, granted the Bank's motion for summary judgment, and entered a decree of foreclosure and order of sale. Stevenson conveyed the property that is the subject of this suit to Black Canyon Farms, Inc. ("Black Canyon") on January 5, 1993. Black Canyon is an Idaho corporation wholly owned by Stevenson.

On appeal, Stevenson contends that the Bank did not properly notify him of his right to apply to restructure the loan, and that the Bank's failure should estop it from foreclosing. Stevenson also argues that the amended decree of foreclosure and order for sale violates I.C. § 11–304 because it requires that the property be sold as one parcel, rather than in separate lots.

The Bank presents two additional issues on appeal. The Bank first contends that the issues Stevenson raises are moot because he conveyed the property subject to the mortgage to a third party. The Bank also argues that it is entitled to an award of attorney fees on appeal.

(C) One or both of the factors listed in subparagraphs (A) and (B), together with inade-

## II

### STANDARD OF REVIEW

When faced with an appeal from a summary judgment, this Court employs the standard of review properly applied by the trial court when originally ruling on the motion. *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 681, 837 P.2d 805, 807 (1992); *Washington Fed. Sav. & Loan Ass'n v. Lash,* 121 Idaho 128, 130, 823 P.2d 162, 164 (1992). In order to determine whether judgment should be entered as a matter of law, the trial court must review the pleadings, depositions, affidavits, and admissions on file. I.R.C.P. 56(c). On review, as when the judgment is initially considered by the trial court, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Tolmie Farms v. J.R. Simplot Co., Inc.,* 124 Idaho 607, 862 P.2d 299, 301 (1993); *Doe v. Durtschi,* 110 Idaho 466, 469, 716 P.2d 1238, 1241 (1986). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *Durtschi,* 110 Idaho at 470, 716 P.2d at 1242. However, if the evidence reveals no disputed issues of material fact, the trial court should grant summary judgment. I.R.C.P. 56(c); *Olsen v. J.A. Freemen Co.,* 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990).

In the present case, Stevenson argues that he should be able to assert the Bank's alleged noncompliance with the ACA notice procedures as an equitable defense to the foreclosure. The burden of proving the elements of this defense rests with Stevenson, the party asserting the defense. *Pace v. Hymas,* 111 Idaho 581, 585, 726 P.2d 693, 697 (1986).

If a party moves for summary judgment on the basis that no genuine issue of material fact exists with regard to an element of the non-moving party's case, the non-moving party must establish the exis-

quate collateralization, present a high probability of loss to the lender.

tence of an issue of fact regarding that element. *Olsen,* 117 Idaho at 720–21, 791 P.2d at 1299–300. The non-moving party is not required to present evidence on every element of his or her case at that time, but must establish a genuine issue of material fact regarding the element or elements challenged by the moving party's motion. *Id.* at 720, 791 P.2d at 1299 (citing *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *see also Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988) (The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial.").

## III

## THE ISSUES PRESENTED BY THIS APPEAL WERE NOT RENDERED MOOT BY STEVENSON'S CONVEYANCE OF THE PROPERTY

Because mootness brings into question whether this Court is presented with a justiciable controversy on appeal, *see Weldon v. Bonner County Tax Coalition,* 124 Idaho 31, 36, 855 P.2d 868, 873 (1993), we will first address the Bank's motion to dismiss the appeal. The Bank contends that the sale of the mortgaged property to Black Canyon extinguished Stevenson's interest in the outcome of this appeal. The Bank reasons that Stevenson no longer has a "personal stake" in the outcome of the appeal, rendering the issues presented by it moot.

This argument ignores the fact that foreclosure is an equitable proceeding. *Summers v. Martin,* 77 Idaho 469, 295 P.2d 265 (1956). As a suit in equity, the Bank's action is against Stevenson personally, not against the property that is the subject of the suit. *See Summers v. Martin,* 77 Idaho 469, 295 P.2d 265 (1956) (equity proceedings are in personam not in rem). Moreover, the bankruptcy stipulation states that the order is binding on Stevenson's "assigns," which, in this case, would be Black Canyon. This appeal presents a "real and substantial controversy admitting of specific relief through a decree of a conclusive character...." *Wel-*

*don,* 124 Idaho at 36, 855 P.2d at 873 (quoting *Harris v. Cassia County,* 106 Idaho 513, 516, 681 P.2d 988, 991 (1984)). As such, the issues presented on appeal are not moot. *Cf. Sewell v. Neilsen, Monroe, Inc.,* 109 Idaho 192, 194, 706 P.2d 81, 83 (Ct.App.1985).

## IV

## THE BANK COMPLIED WITH THE ACA NOTICE REQUIREMENTS

Stevenson assigns error to the district court's failure to allow him to assert the Bank's failure to comply with the ACA as an equitable defense. The district court's order, however, concluded that, while the ACA might provide an equitable defense, Stevenson did not prove the elements of the defense. The court's decree of foreclosure and order for sale states that it granted judgment as a matter of law because of "Stevenson's failure to make a showing sufficient to establish the existence of any element essential to his stated defense...." Our inquiry is therefore limited to determining whether Stevenson made a sufficient showing to raise a question of material fact regarding the Bank's compliance with the ACA notice requirements.

Stevenson does not allege any procedural defects or infirmities within the notice itself, but asserts that, when the Bank sent him notice of his right to restructure, the loan was not yet distressed within the meaning of 12 U.S.C. § 2022a. Stevenson contends that, because the Bank notified him of his rights before the time designated by the ACA, it should be estopped from continuing the foreclosure action. The trial court concluded that Stevenson presented no evidence that the Bank failed to comply with the ACA notice requirements. We agree.

The ACA sets out specific requirements for notifying borrowers of their right to restructure "distressed" loans. The ACA requires that:

Not later than 45 days before any qualified lender begins foreclosure proceedings with respect to a loan outstanding to any borrower, the lender shall notify the borrower that the loan may be suitable for restructuring and that the lender will review any such suitable loan for restructur-

ing, and shall include with such notice a copy of the policy and the materials described in Paragraph (1).

12 U.S.C. § 2202a(b)(2). If the lender fails to provide notice as required by this section, the ACA prohibits instituting or continuing a foreclosure proceeding until the lender completes any pending consideration of the loan for restructuring. 12 U.S.C. § 2202a(b)(3). At no time during the second foreclosure did Stevenson apply to have the loan restructured.

■ To support its contention that Stevenson's loan was distressed at the time it provided notice, the Bank pointed to the loan's prior repayment history, both before and after it was modified by the bankruptcy stipulation, and the letter from Stevenson's attorney indicating Stevenson would not be able to make the upcoming installment payment. In response, Stevenson argued that the Bank could not consider pre-stipulation repayment trends when determining that the loan was distressed, and disputed the extent to which the Bank could rely on the letter from his attorney.

The Bank established through uncontroverted evidence that the loan had an extensive history of adverse repayment trends. Nothing in the stipulation prohibited the Bank from considering pre-stipulation repayment trends for the limited purpose of determining whether the loan was distressed. Stevenson's argument, that the Bank could not have considered the loan distressed at the time it sent notice, is based exclusively on an affidavit in which he asserts that the loan did not have an adverse repayment history. These assertions, in the face of the particular facts alleged by the Bank, are not sufficient to create a genuine issue of material fact. *See Hecla Mining Co. v. Star–Morning Mining Co.*, 122 Idaho 778, 786, 839 P.2d 1192, 1200 (1992). The district court's order granting summary judgment in favor of the Bank is affirmed.

## V

### THE DISTRICT COURT DID NOT ERR BY ORDERING THAT THE LAND BE SOLD AS ONE PARCEL

In the decree of foreclosure and order for sale, the trial court ordered that the property be sold in one parcel, rather than in separate lots. Stevenson contends on appeal that this order violates the section of the Idaho Code that sets out the procedure for conducting a judicial sale. That section provides:

> [W]hen the sale is of real property, consisting of several known lots or parcels, they must be sold separately.... The judgment debtor, if present at the sale, may also direct the order in which the property, real or personal, shall be sold ... and the sheriff must follow such directions.

I.C. § 11–304.

■ We note initially that, "[i]n general, parcels not adapted for separate use and distinct enjoyment should be sold as a unit." *Suchan v. Suchan*, 113 Idaho 102, 109, 741 P.2d 1289, 1296 (1987) (on rehearing). The Bank alleged in its complaint that the property had "at all times heretofore been used together as one lot or parcel and every part thereof is necessary for the best use and enjoyment of said mortgaged property and the same cannot be sold in separate parcels without material injury to the parties hereto." Similar testimony also appeared in an affidavit from Kim Herzinger, the manager of the Twin Falls Office of Farm Credit Services. Stevenson presented the district court with no evidence to demonstrate that the property consists of several known lots or parcels, or that any of those parcels have been adapted for separate use or distinct enjoyment. The record below discloses no reason the property should not be sold as one parcel. There is no basis upon which this Court could conclude that selling the land as one parcel was not a reasonable means of selling the land profitably. *Suchan*, 113 Idaho at 110, 741 P.2d at 1297.

## VI

### THE BANK IS ENTITLED TO ATTORNEY FEES ON APPEAL

■ Idaho Code § 12–120(3) requires that the court hearing any action arising out

of a commercial transaction shall award a reasonable attorney fee to the prevailing party. The phrase "commercial transaction" is defined in the code as "all transactions except transactions for personal or household purposes." In this case, Stevenson and the Bank entered into a transaction to finance the purchase of real property, which Stevenson intended to use and did use for his commercial farming operations. This Court has interpreted I.C. § 12–120(3) to mandate the award of attorney fees on appeal as well as at trial. *Bott v. Idaho State Bldg. Auth.*, 122 Idaho 471, 481, 835 P.2d 1282, 1291 (1992). Accordingly, we award the Bank a reasonable attorney fee on appeal.

## VII

## CONCLUSION

We affirm the trial court's decree of foreclosure and order for sale in all respects, and award costs and attorney fees on appeal to respondent.

. BISTLINE, JOHNSON and TROUT, JJ., and MOSS, J., Pro Tem, concur.