875 P.2d 929

Lauren H. VICKERS, individually; as Guardian Ad Litem of Coleman W. Vickers, Daryl F. Vickers, Myca B. Vickers, Lucas R. Vickers, and Kevin Wade Vickers, and as Personal Representative of the Estate of Kevin Vickers, Plaintiffs–Appellants,

v.

HANOVER CONSTRUCTION COMPANY, INC., aka Hanover Interests, Inc., a Texas corporation; Boise Huntington, Inc., a Texas corporation; John Does I through V, and Jane Does, I through V; Pyramid Framing Contractors, Defendants–Respondents.

No. 20008.

Supreme Court of Idaho, Boise, February 1993 Term.

June 10, 1994.

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Appeal from orders dismissing defendant Pyramid Framing Contractors and granting summary judgments in favor of defendants Boise Huntington, Inc. and Hanover Construction, Inc. *Affirmed.*

Thomas G. Maile IV., Eagle, for appellants.

Quane, Smith, Howard & Hull, Boise, for respondents Boise Huntington, Inc. Allyn L. Sweeney argued. Bobbi K. Dominick argued.

Elam & Burke, P.A., Boise, for respondents Hanover Const. Co., Inc. and Pyramid Framing Contractors, Inc. Bobbi K. Dominick argued.

BISTLINE, Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Kevin Vickers (Vickers) died as a result of injuries he sustained while working on a construction project. Respondent Boise Huntington, Inc. (Huntington), the owner of the project, had contracted through a general contractor, respondent Hanover Construction Co. (Hanover), for the construction of a multi-unit apartment complex in Boise, Idaho. Respondent Pyramid Framing Contractors, Inc. (Pyramid), a framing subcontractor, contracted with Robert Weightman (Weightman), an independent contractor, for the construction of some of the framing required by the project. Weightman, in turn, hired Vickers to help frame the buildings Weightman had contracted to complete.

Following Vickers' death, Vickers' estate, wife, and children (Claimants) were granted worker's compensation benefits through Pyramid's worker's compensation insurance coverage. Claimants petitioned the Industrial Commission for an order requiring that Pyramid and Weightman pay an additional amount and attorney fees under I.C. § 72–210. Holding that Pyramid was Vickers' statutory employer, the Commission dismissed the petition. On appeal, this Court affirmed the Industrial Commission's order. See Vickers v. Pyramid Framing Contractors, Inc., 123 Idaho 732, 852 P.2d 484 (1993).

Claimants also brought suit in district court, seeking to recover damages from Huntington, Hanover, and Pyramid on the basis of tort liability. In their amended complaint, Claimants allege that: (1) Pyramid, Hanover, and Huntington caused unsafe scaffolding to be raised at the construction site;

(2) Hanover and Huntington were negligent in hiring, contracting and supervising Pyramid; and (3) Hanover and Huntington failed to provide Vickers with any training, warning or supervision regarding the dangers of using the scaffolding.

On August 23, 1991, the district court held that, as Vickers' statutory employer, Pyramid is immune from liability through the exclusive liability principle of the worker's compensation law. Accordingly, the district court dismissed Pyramid from the suit. I.C. § 72–209(1).

Hanover filed a motion for summary judgment on January 9, 1992. Hanover argued that, because it owed Vickers no duty, the complaint failed to state a claim against Hanover. Huntington filed its motion for summary judgment on January 22, 1992. That same day, Claimants moved the district court for leave to file another amended complaint alleging two additional counts. Specifically, Claimants sought to allege a fourth count claiming that a cause of action accrued through Pyramid, Hanover, and Huntington's violation of federal safety regulations, and a fifth count alleging that Claimants are third-party beneficiaries of the contracts between Huntington, Hanover, and Pyramid. The district court denied that motion from the bench on March 4, 1992. Claimants have not appealed that ruling.

Claimants also filed a cross-motion for partial summary judgment, seeking an order that Occupational Safety and Health Administration (OSHA) citations established that Hanover and Huntington were negligent per se, Pyramid's actions should be imputed to Hanover and Huntington, any award Claimants obtain in this action should not be reduced by the benefits paid by Pyramid's worker's compensation insurer, and that Claimants are intended third-party beneficiaries of the contracts between Huntington, Hanover, and Pyramid.

In a memorandum decision and order issued April 30, 1992, the district court granted Huntington and Hanover's motions for summary judgment. The court reasoned that Claimants failed to show that Hanover and Huntington owed a duty to Vickers, warrant-

ing summary judgment on counts one and three. The district court also entered summary judgment on count two, finding that Claimants produced no evidence that Hanover and Huntington were negligent in contracting with Pyramid. In light of these rulings, the district court denied Claimants' motion for summary judgment.

Claimants filed a notice of appeal, alleging that the trial court erred by dismissing Pyramid from the action, entering judgments in favor of Hanover and Huntington, and denying Claimants' motion to reconsider the order granting summary judgment in favor of Huntington and Hanover. Claimants argue on appeal that the contract between Hanover and Huntington created a duty to Vickers, that Hanover and Huntington owed a general duty of care to Vickers, and that federal law and contractual obligations should render Pyramid jointly liable to Claimants.

## II.

### STANDARD OF REVIEW

Idaho Rule of Civil Procedure 56(c) requires the trial court to enter summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." This Court's review of an order granting summary judgment applies the same standard employed by the trial court when initially ruling on the motion. *Idaho Schools for Equal Educ. Opportunity v. Evans,* 123 Idaho 573, 578, 850 P.2d 724, 729 (1993). Every reasonable inference presented by the record will be drawn in favor of the party opposing the motion. *Id.; Tingley v. Harrison,* 125 Idaho 86, 89, 867 P.2d 960, 963 (1994). The nonmoving party need only come forward with evidence sufficient to establish the existence of a material issue of fact regarding those elements of that party's case challenged by evidence adduced by the moving party.

*Thompson v. Pike,* 122 Idaho 690, 697–98, 838 P.2d 293, 300–01 (1992); *Olsen v. J.A. Freemen Co.,* 117 Idaho 706, 720–21, 791 P.2d 1285, 1299–1300 (1990). If reasonable people could reach different conclusions based on the evidence, the motion must be denied. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). However, if the evidence reveals no disputed issues of material fact, summary judgment should be entered in favor of the moving party. I.R.C.P. 56(c).

## III.

### THE CONTRACT BETWEEN HUNTINGTON AND HANOVER DOES NOT CREATE AN INDEPENDENT BASIS FOR RELIEF

■ Claimants argue that the district court erred by not considering all of the terms of the contract between Hanover and Huntington when it granted those defendants' motions for summary judgment.[1] An attachment to the American Institute of Architects' standard form contract, the contract form used by Hanover and Huntington, establishes a set of duties agreed to by the contractor, including the duty to safely supervise the construction site. Claimants contend that the duties Hanover owed Huntington under this part of the contract created duties that both Hanover and Huntington owed Vickers.

There is no dispute that the parties to the contract were Hanover and Huntington. Although Claimants maintain this contract created a duty to Vickers, it is undisputed that Vickers was not a party to the agreement. *See Fuchs v. Lloyd,* 80 Idaho 114, 122–23, 326 P.2d 381, 386 (1958) ("There is no basis upon which the formation of a contract with respondent could be had in this agreement because the agreement is between [two other parties]."). Although this Court has recognized the right of a third party to maintain

---

1. Claimants' amended complaint does not allege a cause of action based on this duty, and nothing in the district court's memorandum decision and order indicates that this argument was an element of that court's decision. Although Claimants moved the district court for leave to amend their complaint to allege this theory of recovery, the district court denied Claimants' motion, and Claimants did not appeal that ruling. The duty Claimants seek to invoke under this issue does not appear to have been a duty that the complaint alleged created liability when the district court granted summary judgment.

an action where the contract was executed for the benefit of that person, *Adikson v. American Bldg. Co.*, 107 Idaho 406, 409, 690 P.2d 341, 344 (1984), the parties to the contract must have intended that it be primarily for the benefit of the person seeking relief as a third party beneficiary. *Id.; Boise Car & Truck Rental Co. v. Waco, Inc.*, 108 Idaho 780, 784–85, 702 P.2d 818, 822–23 (1985). Nothing in the record supports the contention that the construction contract between Hanover and Huntington was intended for Vickers' direct or primary benefit. We therefore conclude that the duties arising under the contract between Huntington and Hanover exist only between those parties. Vickers, who was neither a party to nor an intended beneficiary of the contract, has no enforceable rights under the agreement between Huntington and Hanover.

It is also worth noting that Claimants do not allege a cause of action in contract. The only basis upon which Claimants seek relief is tort liability. Therefore, even if we were to conclude that Vickers was a third party beneficiary to the contract between Huntington and Hanover, the resulting duty those parties would owe Vickers under the contract would not present a duty upon which relief could be sought in a tort action. *Steiner Corp. v. American Dist. Telegraph*, 106 Idaho 787, 790, 683 P.2d 435, 438 (1984). In order for a cause of action to arise in tort, Claimants must establish the breach of a tort duty, separate and apart from any duty allegedly created by the contract. *Id.* (citing *Just's Inc. v. Arrington Constr. Co.*, 99 Idaho 462, 583 P.2d 997 (1978)).

## IV.

## CLAIMANTS FAILED TO ESTABLISH THE EXISTENCE OF A GENERAL DUTY OF CARE HANOVER AND HUNTINGTON OWED VICKERS

No liability exists under the law of torts unless the person from whom relief is sought owed a duty to the allegedly injured party. *Bowling v. Jack B. Parson Cos.*, 117 Idaho 1030, 1032, 793 P.2d 703, 705 (1990). The threshold questions presented by this appeal center on whether Hanover and Hunt-

ington owed a duty to Vickers, a legal question over which this Court exercises free review. *Id.*

Claimants argue that Hanover and Huntington owed Vickers a duty of care, both as the owner/occupiers of the property upon which Vickers was injured, and as the result of federal safety regulations. Claimants base their argument on this Court's decision in *Harrison v. Taylor*, 115 Idaho 588, 768 P.2d 1321 (1989), and Occupational Safety and Health Administration (OSHA) citations issued following Vickers' accident. In *Harrison*, this Court abolished the doctrine of assumption of risk as an absolute bar to recovery, holding that "[h]enceforward, owners and occupiers of land will be under a duty of ordinary care under the circumstances towards invitees who come upon their premises." *Id.* at 595, 768 P.2d at 1328. This Court has also held that OSHA violations may create negligence per se. *Arrington v. Arrington Bros. Constr.*, 116 Idaho 887, 888–89, 781 P.2d 224, 225–26 (1989).

The district court granted summary judgment for Huntington and Hanover on the basis that Claimants failed to establish that those defendants owed a duty to Vickers. This Court has recognized that OSHA regulations present two potential duties. The first is a general duty to protect employees from recognized hazards that are likely to cause death or serious injury, which every employer owes its employees, regardless of whether it has control of the work place. The second duty is a specific obligation to comply with OSHA regulations. *Arrington*, 116 Idaho at 890, 781 P.2d at 227 (quoting *Teal v. E.I. DuPont de Nemours and Co.* 728 F.2d 799 (6th Cir.1984)). The party upon whom the specific duty is imposed "is defined with reference to control, of the work place and opportunity to comply with OSHA regulations." *Id.* In this case, Claimants allege the existence of a duty as a result of specific OSHA violations. Our analysis of whether Huntington and Hanover owed Vickers a duty therefore turns on whether Hanover and Huntington had control over the work place and the opportunity to insure compliance with OSHA regulations.

Similarly, as the owner and occupier of the property upon which Vickers was injured, the question of whether Huntington and Hanover owed Vickers a general duty of ordinary care also turns on the issue of control. Unlike other cases where this Court has had cause to apply the *Harrison* holding, the district court in this action did not rely on the open and obvious danger doctrine when it ruled that Hanover and Huntington did not owe Vickers a duty of due care. *See Arrington*, 116 Idaho at 891–92, 781 P.2d at 228–29; *Baker v. Shavers, Inc.*, 117 Idaho 696, 791 P.2d 1275 (1990). Rather, the district court concluded that Claimants failed to refute Hanover and Huntington's evidence that the subcontract between Hanover and Pyramid granted Pyramid exclusive control over all aspects of the means, manner, and method of performance of the work performed under the subcontract.

Although Hanover retained the right to inspect the construction site, exercise of that right was limited to inspection for the purpose of determining whether Pyramid's work complied with contract specifications. This degree of limited control is not sufficient to create a duty under either the specific duty provision of OSHA or this Court's decision in *Harrison*. We therefore conclude that Claimants failed to establish the existence of an issue of material fact regarding the liability of either Hanover or Huntington. *Cf. Peone v. Regulus Stud Mills, Inc.*, 113 Idaho 374, 378, 744 P.2d 102, 106 (1987) (As a general rule, "a third party owner should not be exposed to greater liability [than a statutory employer] by employing an independent contractor."); *Bowling v. Jack B. Parson Cos.*, 117 Idaho 1030, 1032, 793 P.2d 703, 705 (1990) ("The mere fact of a parent subsidiary relationship does not impose a duty on the parent on behalf of the subsidiary or its employees.").

## V.

### THE EXCLUSIVITY PROVISION OF THE WORKER'S COMPENSATION STATUTE PRECLUDES CLAIMANTS FROM SEEKING ADDITIONAL RELIEF FROM PYRAMID

■ Arguing that Idaho's worker's compensation statute is preempted by federal law and the contract between Pyramid and Hanover, Claimants ask this court to hold that the exclusivity provision of the worker's compensation act does not apply to Pramid. We decline to do so.

The indemnification agreement between Pyramid and Hanover provides that Pyramid will indemnify Hanover for all claims arising from any act or omission by Pyramid or its agents. Claimants assert that "Plaintiffs by and through Kevin Vickers are the beneficiaries of such contract provisions and are entitled to present breach of contract claims against the existing respondents." Appellants' brief at 38. As discussed in Section III above, neither claimants nor Vickers were intended beneficiaries to the subcontract between Pyramid and Hanover. Moreover, Claimants had not asserted a cause of action in contract when the district court granted respondents' motions for summary judgment. Neither the contract between Pyramid and Hanover nor the contract between Hanover and Huntington presents any basis upon which Claimants can seek relief.

■ Finally, Claimants assert that the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, § 2, prevents application of a state law exemption to a claim based on federal regulatory law. The federal statute Claimants seek to apply explicitly rejects this proposition, stating:

Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

29 U.S.C. § 653(b)(4).

Idaho's worker's compensation statute unambiguously provides that "the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee, his spouse, dependents, heirs, legal representatives or as-

signs." I.C. § 72–209(1). Claimants have recovered worker's compensation death benefits through Pyramid, and that remedy is the exclusive avenue for relief from that defendant. We therefore conclude that the district court did not err by dismissing Pyramid on that basis.

## VI.

### CONCLUSION

We affirm the judgments of the district court. Costs on appeal to respondents. No attorney fees are awarded on appeal.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and SCHILLING, J., Pro Tem., concur.