944 P.2d 151

Kathleen I. MUGAVERO, an individual; and Lanore R. Bales, an individual, Plaintiffs–Appellants,

v.

A–1 AUTO SALES, INC., an Idaho corporation, Defendant–Respondent,

and

Thomas Edward Corey and Jane Doe Corey, husband and wife; Matthew Ron Jeske, and Jane Doe Jeske, husband and wife; Katherin Corey and John Doe Corey, wife and husband; and John Does I–V, Defendants.

No. 22550

Court of Appeals of Idaho.

July 14, 1997.

Petition for Review Denied
Oct. 6, 1997.

L. Clyel Berry, Twin Falls, argued for appellants.

Tolman Law Office, Twin Falls, for respondent. Jennifer K. Brizee argued.

WALTERS, Chief Judge

Lanore R. Bales and her passenger, Kathleen I. Mugavero, brought this action against A–1 Auto Sales, Inc. (A–1 Auto) for personal injuries and property damages which occurred when the vehicle Bales was driving rear-ended a disabled truck stopped on a county road. A–1 Auto had sold the truck, a used vehicle, to Matthew R. Jeske on the same day the accident at issue occurred. Bales and Mugavero alleged that, as a licensed commercial dealer of used motor vehicles, A–1 Auto owed them either a statutory duty or a common law duty which it had breached. They also alleged that A–1 Auto breached an express warranty it owed to them as third-party beneficiaries. A–1 Auto filed a motion for summary judgment, which the district court granted. After reviewing a motion for reconsideration, the district court upheld its summary judgment order. Bales and Mugavero now appeal. For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Matthew Jeske purchased a 1975 flatbed truck on December 19, 1992, from A–1 Auto, located in Twin Falls. At the time, A–1 Auto was in the business of buying and selling used vehicles. The truck was purchased with an "as is" disclaimer, and the sale was finalized before sunset, which occurred at approximately 5:00 p.m. Upon completion of the transaction, Jeske drove the truck to the home of his friend, Thomas Corey, which was located a few blocks away from A–1 Auto's car lot. Corey agreed to transport the truck from his residence to Jeske's home in Kimberly that evening.

After Corey had driven the vehicle for approximately 15 to 20 minutes, it became disabled on a county road between Twin Falls and Kimberly in the lane on which it had been traveling. Because snow had been piled on the shoulders of the road, Corey left the vehicle in the traffic lane, and he walked to an adjacent home to call for assistance. Corey testified that upon returning to the truck, he searched for safety devices such as flashlights, flares and reflectors in order to warn oncoming traffic, but found none. He also testified that the electrical system was inoperable, preventing him from illuminating the truck's exterior lights. At approximately, 9:30 p.m. Bales and Mugavero were traveling in the same direction and in the same lane in which Jeske's truck had become disabled. Bales failed to notice the disabled vehicle until she was within a few feet of it, and her car collided into the back of the truck.

Bales and Mugavero filed this action against A–1 Auto for damages arising from personal injuries and injury to property suffered as a result of the accident. After the district court granted summary judgment to A–1 Auto, Bales and Mugavero pursued this appeal.

## II. ISSUES ON APPEAL

Bales and Mugavero claim that the district court erred in awarding summary judgment in favor of A–1 Auto, asserting that genuine issues of material fact exist with regard to

the following issues: (1) whether a licensed commercial dealer of used motor vehicles owes either a statutory duty or a common law duty to the public to inspect used motor vehicles prior to resale to confirm that the vehicle is equipped with all statutorily required safety devices, and upon the discovery of either a defect or omission of such devices, to either repair, replace, equip or to warn thereof; (2) whether an express warranty was created by the affirmation of A–1 Auto to Jeske that the truck was not a "lemon" and, if so, whether the mechanical failure of that vehicle after 15 to 20 minutes of operation constitutes a breach of the warranty; and (3) whether Bales and Mugavero may maintain a cause of action against A–1 Auto as third-party beneficiaries to any warranty between A–1 Auto and Jeske. As an additional issue, A–1 Auto requests attorney fees on appeal.

### III. STANDARD OF REVIEW

The district court is to enter summary judgment when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). When faced with an appeal from a summary judgment, the appellate court employs the standard of review applied by the trial court when originally ruling on the motion, liberally construing the record in the light most favorable to the party opposing the motion. *Cates v. Albertson's Inc.*, 126 Idaho 1030, 1033, 895 P.2d 1223, 1226 (1995); *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct.App.1994). The motion must be denied if reasonable people could reach differing conclusions or draw conflicting inferences from the record. *Cates*, 126 Idaho at 1033, 895 P.2d at 1226; *Sohn v. Foley*, 125 Idaho 168, 171, 868 P.2d 496, 499 (Ct.App.1994). If the record presents no genuine issues of material fact, however, the motion must be granted. *Cates, supra.*

1. Safety devices are defined as flares, red electric lanterns or red emergency reflectors capable of

### IV. DISCUSSION

**A. Duties Owed to the Public by a Licensed Commercial Dealer of Used Motor Vehicles.**

Bales and Mugavero claim that A–1 Auto, as a licensed commercial dealer of used motor vehicles, owes either a statutory duty or a common law duty to the public to reasonably inspect vehicles for safety devices before they are sold to buyers. They contend that A–1 Auto breached its duty by refusing or failing to inspect the truck it sold to Jeske for such devices.

■ In Idaho, a cause of action seeking damages for alleged negligence requires proof of the following: (1) the existence of a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage. *Brooks v. Logan*, 127 Idaho 484, 489, 903 P.2d 73, 78 (1995); *Western Stockgrowers Assoc. v. Edwards*, 126 Idaho 939, 941, 894 P.2d 172, 174 (Ct.App.1995). Thus, an analysis of the propriety of a summary judgment for a negligence cause of action must necessarily begin with an evaluation of duty.

#### 1. Statutory Duty.

Bales and Mugavero argue that A–1 Auto owes a statutory duty to the public to either ensure that safety devices, as specified by I.C. § 49–952(1)[1], are in a vehicle before it is sold to the buyer or to inform the buyer that the required safety devices are missing. They argue that A–1 Auto also has a duty to ensure that these illuminating safety devices are in all vehicles which it sells around sunset when A–1 Auto knows that the vehicles will be driven off the car lot by their new owners upon completion of the transaction. Bales and Mugavero assert that such duty stems from Idaho Code § 49–903, which requires that safety devices be carried in:

being seen and distinguished at a distance of not less than 600 feet. I.C. § 49–952(1).

[e]very vehicle upon a highway at any time from sunset to sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at the distance of five hundred (500) feet. . . .

and by I.C. § 49–953, which requires that such devices be displayed when the vehicle becomes disabled. Bales and Mugavero contend that since the transaction between A–1 Auto and Jeske was completed between 4:30 p.m. and 5:00 p.m., it was reasonably foreseeable to A–1 Auto that Jeske would drive the vehicle off of its car lot after sunset. They further contend that because Jeske's acts were foreseeable, A–1 Auto should have inspected the truck for safety devices and it should have either replaced any missing devices or it should have warned Jeske that certain safety devices were missing.

The district court held that because buyers do not expect statutorily required safety devices to be included in used vehicles, A–1 Auto could not have been expected to recognize the necessity of warning Jeske that such devices were not in the truck when he purchased it from the dealership.

The question of whether a statute imposes a duty upon a particular person or entity is a question of law which the Court freely reviews. Statutory interpretation always begins with an examination of the literal words of the statute. *Grand Canyon Dories v. State Tax Comm'n*, 124 Idaho 1, 5, 855 P.2d 462, 466 (1993). When construing a statute, a court must give the language contained in the statute its plain, obvious and rational meaning. *Id.*

The issue here is whether the statutes relied upon by Bales and Mugavero impose duties on A–1 Auto: (1) to inspect used vehicles for safety devices; (2) to either equip the vehicles with such devices before they are sold to the public or to warn buyers of the absence of the devices; and (3) to take special care to inspect, replace or warn of the absence of such devices when the transaction is completed around sunset.

Idaho Code § 49–903, as noted, requires that safety devices be carried in every vehicle from sunset to sunrise. This section does not specify who is responsible for placing such devices in the vehicle.

Idaho Code § 49–952(1) reads in pertinent part that:

No person shall *operate* any truck . . . upon any highway outside of the corporate limits of municipalities at any time specified in section 49–901, Idaho Code, unless there shall be carried in the vehicle the following equipment, . . . :

(a) At least three (3) flares, or three (3) red electric lanterns, or three (3) portable red emergency reflectors, each of which shall be capable of being seen and distinguished at a distance of not less than six hundred (600) feet under normal atmospheric conditions at nighttime.

I.C. § 49–952(1)(a) (emphasis added). The legislature has defined "operator" in Idaho Code § 49–116 as, "every person who is in actual physical control of a motor vehicle upon a highway or private property open to public use."

Furthermore, I.C. § 49–953 provides that:

Whenever any truck . . . is disabled upon the traveled portion or the shoulder of any highway outside of any municipality at any time when lighted lamps are required on vehicles, the *driver* of the vehicle shall display the following warning devices upon the highway during the time the vehicle is disabled on the highway . . .

I.C. § 49–953(1) (emphasis added). The legislature has defined "driver" in Idaho Code § 49–105(13) as "every person who drives or is in actual physical control of a vehicle."

We believe that these statutes are unambiguous and clearly apply only to one who either "operates" or is the "driver" of the vehicle. None of these statutes mentions a dealer. We therefore conclude that neither I.C. § 49–903, I.C. § 49–952 nor I.C. § 49–953, imposes a statutory duty upon a licensed commercial dealer of used motor vehicles to inspect for, equip vehicles with or to warn buyers of the absence of statutorily required safety devices.

## 2. Common Law Duty.

■ Bales and Mugavero also argue that A–1 Auto owes a common law duty to the public to use reasonable care while inspecting used motor vehicles for defects and required safety devices. They assert that A–1 Auto breached this duty by conducting a superficial inspection of the truck it sold to Jeske, by either refusing or failing to inspect the vehicle for such safety devices.

A–1 responds that, in the state of Idaho, a licensed commercial dealer of used motor vehicles has no common law duty to inspect such vehicles for defects or for safety devices. It contends that even if such a duty exists, the duty was not breached because the pre-sale inspection it conducted was sufficient. A–1 Auto further contends that prior to purchasing the truck, it had obtained a letter from the seller which stated that the truck had no electrical problems.

■ The duty owed at common law is generally described as an individual or an entity owing a duty to every person in our society to use reasonable care to avoid injury to the other person in any situation in which it could be reasonably anticipated or foreseen that a failure to use such care might result in such injury. *Alegria v. Payonk*, 101 Idaho 617, 619, 619 P.2d 135, 137 (1980); *Gibson v. Hardy*, 109 Idaho 247, 250, 706 P.2d 1358, 1361 (Ct.App.1985). Where there is no duty, there can be no negligence. *Collins v. Schweitzer, Inc.*, 774 F.Supp. 1253 (9th Cir. 1991). In determining whether such duty has been breached by the alleged negligent party, the conduct is measured against that of an ordinarily prudent person acting under all the circumstances and conditions then existing. *Gibson, supra.* Furthermore, Idaho law currently does not impose a specific common law duty on licensed commercial dealers of used motor vehicles regarding the level of their inspections of used motor vehicles before the vehicles are sold to the public.

Bales and Mugavero cite no authority from any jurisdiction holding that vendors of used vehicles have a common law duty to equip such vehicles with, or warn of the absence of, detached safety equipment that is not a part of the vehicle, such as flares, lanterns or emergency reflectors. Nor have they presented any evidence of an industry custom or practice of providing such equipment or warnings, from which consumer expectations or reliance could arise. We decline to hold that such a common law duty attaches.

Because of the lack of evidence demonstrating that a material issue of fact existed with regard to whether A–1 Auto breached its common law duty to the public during A–1 Auto's pre-sale inspection of the truck it subsequently sold to Jeske, the district court did not err by granting summary judgment to A–1 Auto.

## B. Liability of a Licensed Commercial Dealer of Used Motor Vehicles to Third Party Beneficiaries Stemming from the Breach of an Express Warranty.

Next, Bales and Mugavero claim that the district court erred in holding that A–1 Auto's affirmation to Jeske that the truck it sold to Jeske was not a "lemon," constituted "puffing" and was not an express warranty. They argue that this representation constitutes an express warranty under I.C. § 28–2–313, which extended to them as third party beneficiaries, and that such affirmation cannot be excluded under I.C. § 28–2–316(3)(a). Bales and Mugavero further assert that the truck was a lemon because it experienced an electrical failure within 15 minutes after being driven from the dealer's lot.

A–1 Auto responds that no express warranty existed between it and Jeske. A–1 argues that one who buys a vehicle "as is" assumes all risks related to the quality of the vehicle, including the risk of personal injury and property damage caused by the condition of the vehicle.

■ We begin our analysis by first determining whether Bales and Mugavero are third party beneficiaries and, thus, are capable of recovering damages for personal injury under the Uniform Commercial Code. Idaho Code § 28–2–318 states that:

A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is

reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

The legislative intent of I.C. § 28–2–318 is to extend warranties to those who the buyer would have intended to benefit from the warranty. *Green v. A.B. Hagglund & Soner,* 634 F.Supp. 790, 794 (D.Idaho 1986). In the context of an individual buyer, that would be those persons in his family or a guest in his home. *Id. See also Oats v. Nissan Motor Corp.,* 126 Idaho 162, 169, 879 P.2d 1095, 1102 (1994).

Jeske purchased the truck from A–1 Auto as an individual buyer. As such, Bales and Mugavero are not either persons who are "in the family or household" of the buyer or "a guest" in the buyer's home. Bales and Mugavero therefore are not third party beneficiaries who can recover under a breach of an express warranty between A–1 Auto and Jeske under I.C. § 28–2–318.

### C. Attorney Fees on Appeal.

Finally, A–1 Auto asks for an award of attorney fees as the prevailing party on appeal. We decline to grant this request, under *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

## V. CONCLUSION

We affirm the district court's orders granting summary judgment and denying the motion for reconsideration.

No attorney fees are awarded on appeal. Costs to respondent, A–1 Auto Sales, Inc.

LANSING and PERRY, JJ, concur.