32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Gordon Wayne JENKINS; Jolene Jenkins, Debtor.
FIRST INTERSTATE BANK OF IDAHO, Plaintiff-Appellee,
v.
Gordon Wayne JENKINS, Defendant-Appellant.
 No. 93-35430.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Decided Aug. 12, 1994.
 
 Before: WRIGHT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gordon Wayne Jenkins appeals the district court's affirmance of the bankruptcy court's determination that his debt to First Interstate Bank of Idaho is not dischargeable under section 523(a)(2) of the Bankruptcy Code. He claims that the bankruptcy court's findings are clearly erroneous and that the court erred in failing to view the evidence favorably to him and in admitting evidence which the Bank did not rely upon in making its loan. We affirm.
 
 
 3
 1. The main thrust of Jenkins' appeal is that the evidence was not sufficient to support the decision of the court. While there are disputes regarding the facts of the case, the record does support the determination that Jenkins misrepresented material facts which he knew to be false and that he did so with the intent to mislead the Bank. He succeeded. The Bank did justifiably and reasonably rely and was damaged. Those facts support the judgment in this case. See 11 U.S.C. Sec. 523(a)(2)(A) and (B); In re Kirsh, 973 F.2d 1454, 1457 (9th Cir.1992) (per curiam); In re Siriani, 967 F.2d 302, 304 (9th Cir.1992). The findings were not clearly erroneous. See In re Rubin, 875 F.2d 755, 758-60 (9th Cir.1989); In re Lansford, 822 F.2d 902, 904 (9th Cir.1987).
 
 
 4
 2. Jenkins also claims that the court should not have looked at evidence of events that occurred after he sought the loan. Jenkins has too crabbed a view of how fraud can be proved. Documents acquired later might well demonstrate that earlier representations were false and were intended to be so. See In re Ashley, 903 F.2d 599, 603 (9th Cir.1990). Moreover, Jenkins failed to object to or actually stipulated to the admission of certain documents--the 1987 tax return and the February 1989 financial statement. He cannot complain of their admission now. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 258, 121 L.Ed.2d 189 (1992).
 
 
 5
 3. Jenkins asserts that the bankruptcy court was required to apply some special evidentiary standard which would construe evidence in his favor. He is incorrect. The proper standard is simply preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).
 
 
 6
 4. The Bank requests attorneys fees for this appeal. See Idaho Code Sec. 12-120(3); Farm Credit Bank of Spokane v. Stevenson, 869 P.2d 1365, 1369-70 (Idaho 1994). Jenkins did not object to the award of fees at the bankruptcy court and does not now contend that the Bank, if successful, cannot receive fees on appeal. We agree that an award is proper. The exact amount can be determined by the bankruptcy court upon remand.
 
 
 7
 The Bank also asks for sanctions for the filing of a frivolous appeal. We do not agree that the appeal was frivolous, so we decline to award sanctions. See In re Hammer, 940 F.2d 524, 526 (9th Cir.1991).
 
 
 8
 AFFIRMED. The decision on the amount of attorneys fees for this appeal is REMANDED to the bankruptcy court for its determination.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3