PAEZ, Circuit Judge,
concurring in part, dissenting in part:
I concur in the judgment and in Parts I and 11(A) of the majority opinion. At the time of the alleged discrimination, Patricia Johnson did not possess the required certification to be employed as a special education teacher by the Boundary County School District (the “District”). The accommodation that she sought — provisional authorization for the District to hire an uncertified teacher — is an accommodation to a local school district wholly within the discretion of the Idaho State Board of Education. The District did not have the authority to grant provisional authorization, and therefore could not grant Johnson the accommodation she requested. The district court properly granted summary judgment to the District.
We therefore need not decide whether the Equal Employment Opportunity Commission (“EEOC”) has properly interpreted its own regulation to include a duty of *568 reasonable accommodation in the first step of the inquiry into whether a person is a “qualified individual” under the Americans with Disabilities Act (“ADA”).[1] See 29 C.F.R. 1630.2(m) (interpreting 42 U.S.C. § 12111(8) of the ADA). The majority, however, proceeds to give its own interpretation of section 1630.2(m) and rejects the reasonable position of the EEOC. Because the majority does not afford the requisite deference due to the EEOC’s interpretation of its own regulations, I cannot agree with Parts 11(B), 11(C), and III of Judge O’Scannlain’s opinion.
I.
At the heart of this appeal is the Idaho State Board of Education’s procedure for a school district to obtain provisional authorization to hire an uncertified teacher. The Board of Education is vested with the authority to issue teaching certificates, which it delegates to the State Department of Education. Idaho Admin. Code 08.02.02.016. At the time Johnson requested a waiver of certification, the Board had created a procedure through which local school districts could obtain provisional authorization to hire uncertified teachers.[2] To apply for authorization, a school district is required to submit a letter with a statement explaining the need for the request, detailing the qualifications of the individual the district seeks to hire, and “outlining the ‘good faith effort’ the district made in attempting to hire someone with appropriate certification.” The provisional authorization is valid for only one year, is non-renewable, and the teacher hired must obtain proper certification in order to continue teaching once the authorization expires.
The provisional authorization thus grants authority to a school district to fill a vacancy with an individual who does not possess the required state certification, but only after it has been unable to find a certified teacher, having made a good faith effort to do so. Presumably, a capable but uncertified teacher is in many cases better than no teacher at all. The Board’s policy makes clear, however, that provisional authorization to hire an uncertified teacher is an accommodation of last resort to local school districts, not an accommodation to a teacher who does not possess the required certification. See Idaho State Bd. of Educ. Summary of Alternative Authorization/Routes to Certification, available at http://www.sde.idaho.gov/site/ teacher_certifieation/alt_routes.htm (“[T]his authorization does not lead to certification, it is an emergency authorization available to school districts.”). The authorization process is an exception to Idaho Code § 33-1201, which provides that “[ejvery person who is employed to serve in any elementary school or secondary school in the capacity of teacher ... shall be required to have and to hold a certificate issued under authority of the state board of education.” Further, the authorization process does not provide a school district with the authority to waive the certification requirement by itself at the request of an uncertified teacher; only the *569 Board may authorize provisional authorization.
In Albertson’s, Inc. v. Kirkingburg, the Supreme Court held that an employer is not required under the ADA to accept a governmentally-approved waiver if the waiver regulation does not alter substantive licensing requirements. 527 U.S. 555, 577-78, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999) (concluding that a trucking company did not violate the ADA when it terminated and refused to rehire a visually impaired driver for failing to meet Department of Transportation vision acuity standards even after the driver obtained a waiver from the Department). That is the case here. The provisional authorization procedure is a limited exception to the state certification standards that Idaho public school teachers must satisfy. Although provisional authorization was potentially available, the District was not required to utilize the procedure to rehire Johnson.
This might be a different case if the District had created the certification requirement or if it had independent authority and discretion to waive the certification requirement so that it could rehire Johnson. Under the teacher certification scheme that Idaho has adopted, however, both of those responsibilities rest with the State Board of Education. Johnson therefore has no basis to complain that the District discriminated against her in violation of the IHRA and the Rehabilitation Act when it declined to seek provisional authorization from the state.
II.
There is no need to reach the question— as the majority does in Parts 11(B) and 11(C) of the opinion — of whether the District had a duty under the ADA to apply for provisional authorization to rehire Johnson as a reasonable accommodation so that she could ultimately renew her certification. In its Amicus Brief, the EEOC contends that the “district court erred in failing to ask the controlling question in granting defendants’ motion for summary judgment: whether the plaintiff would have been ‘qualified’ for her teaching position if she had received the waiver she sought.” Here, the answer to the EEOC’s question is clearly “No.” As described above, the provisional authority, if granted, would have permitted the District to hire Johnson for one year despite the fact that she did not possess the required state certification. Even if the Board of Education had granted the District provisional authorization to hire Johnson, Johnson still would have lacked the certification required by section 33-1201.
Because Johnson’s claim would fail even if we accepted the EEOC’s formulation of the relevant legal question, I see no need to opine on the persuasiveness of the EEOC’s interpretation of its own regulation implementing the ADA. Yet not only does the majority opinion do so, it quarrels with the agency’s interpretation of its own regulation without regard for the deference we must afford the EEOC. In Auer v. Robbins, the Supreme Court held that where a particular test “is a creature of the [agencyj’s own regulations, [the agency’s] interpretation of it is, under our jurisprudence, controlling unless plainly erroneous or inconsistent with the regulation.’’ 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (internal quotations omitted); see also Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1045 (9th Cir.2009) (deferring to EEOC’s interpretation of its own regulation). The Court explained that such deference is due even where, as here, the agency’s position is contained in an appellate brief, so long as the agency is not attempting to defend its own past actions. *570 Auer, 519 U.S. at 462, 117 S.Ct. 905(“There is simply no reason to suspect that the interpretation does not reflect the agency’s fair and considered judgment on the matter in question.”).
Here, the EEOC, as amicus curiae, argues that an employer has a duty to provide reasonable accommodation to a prospective employee if that accommodation would allow the person to become qualified for the position. The majority rejects the EEOC’s position for three reasons. First, the majority argues that the first part of the two-part definition of “qualified” in 29 C.F.R. § 1630.2(m) contains no reference to reasonable accommodation. Maj. Op. at 564. Second, the majority argues that the EEOC’s interpretive guidance, contained in 29 C.F.R. pt. 1630, app. § 1630.2(m), “explicitly disclaims any requirement of providing reasonable accommodation to disabled individuals who fail to meet the job prerequisites on their own.” Maj. Op. at 566. Third, the majority argues that the EEOC’s position is incorrect because it relies on inapplicable regulations and interpretive guidance governing only facially discriminatory selection criteria. Maj. Op. at 566-67. None of these arguments show that the EEOC’s interpretation of 29 C.F.R. § 1630.2(m) is “plainly erroneous or inconsistent with the regulation” and does not reflect the agency’s “fair and considered judgment.” Auer, 519 U.S. at 461-62, 117 S.Ct. 905.
It is undisputed that the first part of the EEOC’s “qualified individual” test, which asks whether a person “satisfies the requisite skills, experience, education and other job-related requirements of the employment position,” does not contain a reference to reasonable accommodation. 29 C.F.R. § 1630.2(m); Bates v. United Parcel Serv., Inc., 511 F.3d 974, 990 (9th Cir.2007) (en banc). The majority states that the EEOC “presumably” could have included a reference to reasonable accommodation and that its failure to do so “suggests that such omission was deliberate.” Maj. Op. at 565. The majority similarly argues that the interpretive guidance to that regulation, also silent as to any duty of reasonable accommodation in assisting an applicant to attain “the appropriate ... licenses,” 29 C.F.R. pt. 1630, app. § 1630.2(m), should be read to preclude a duty of reasonable accommodation. The majority’s interpretation would not be an unreasonable reading of the regulation in a vacuum. There is no reason to rely on presumptions and inferences from omissions, however, because the EEOC has spoken through its Amicus Brief. See Auer, 519 U.S. at 462, 117 S.Ct. 905 (deferring to agency’s position as stated in appellate brief to the Supreme Court). I see no reason in the context of this case to take issue with the EEOC’s interpretation of section 1630.2.
We should avoid contradicting the EEOC when it interprets its own guidelines in a manner that is not plainly erroneous or inconsistent with the governing statute or regulation. The majority states that the EEOC’s interpretive guidance for section 1630.9(a) “explicitly disclaims” any duty of reasonable accommodation to individuals who fail to meet the job prerequisites on their own. Maj. Op. at 566. The majority points to an illustration provided by the EEOC concerning applicants to a law firm. In that example, the interpretive guidance states that a law firm has no duty to provide a reasonable accommodation to an applicant who has not yet passed the bar, but must provide an accommodation to an applicant who has successfully passed the bar. 29 C.F.R. pt. 1630, app. § 1630.2(a). The majority interprets this example to mean that the law firm has no duty to provide a reasonable accommodation so that the applicant can become qual *571 ified for the position. This reads the EEOC’s guidance too broadly.
The guidance merely states that the duty to provide a reasonable accommodation to an employee so that he can perform the essential functions of the job does not exist until the employee is otherwise qualified. 29 C.F.R. pt. 1630, app. § 1630.2(m). This does not preclude the existence of a duty to assist the employee in becoming otherwise qualified if such assistance is a “reasonable accommodation.” Because these are separate questions, there is nothing in the guidance that “explicitly disclaims” the EEOC’s reasonable position expressed in its Amicus Brief.
There is also no basis for the majority’s suggestion that the ADA and the EEOC’s regulation exclude a duty of reasonable accommodation to allow an applicant to meet qualification standards unless those standards are facially discriminatory. We have no doubt declared that 42 U.S.C. § 12112(b)(6), pertaining to “qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability,” applies to standards that are facially discriminatory against disabled persons. See Bates, 511 F.3d at 989. There is nothing in our prior decisions, however, precluding the EEOC’s position that section 12112(b)(6) can also be read to include facially neutral standards that “screen out an individual with a disability,” especially when an appropriate waiver system is in place.
In sum, the EEOC’s position expressed in its Amicus Brief is not plainly erroneous, irrational, or inconsistent with either the ADA or the EEOC’s regulations and interpretive guidance. Although the rule the majority proposes in Part III of the opinion is plausible, it is contrary to the reasonable view of the EEOC, and we ought to defer to the agency’s reasonable position rather than attempt to give our own interpretation to the EEOC’s regulation and the governing statute. Because I see no reason to reject the EEOC’s position that employers have a duty to provide reasonable accommodation to disabled individuals who could satisfy job prerequisites with an accommodation, I would defer to that position. I therefore respectfully dissent from Parts 11(B), 11(C), and III. Nonetheless, because the District did not have the authority to grant Johnson a provisional waiver to the required state certification, I concur in the court’s judgment.

. Johnson's claim under the ADA was properly dismissed by the district court. This appeal concerns Johnson’s claims under the Idaho Human Rights Act (“IHRA”), Idaho Code § 67-5909, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. We analyze claims under the IHRA and Rehabilitation Act, however, as we would a claim under the ADA. See Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 n. 11 (9th Cir.1999); Stansbury v. Blue Cross of Idaho Health Serv., Inc., 128 Idaho 682, 918 P.2d 266, 269 (1996).

. See Idaho State Bd. of Educ. Summary of Alternative Authorization/Routes to Certification, available at http://www.sde.idaho.gov/ site/teacher_certification/alt_routes.htm.